**Henry ERB, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

**No. G82–661 CA.**

United States District Court,
W.D. Michigan, S.D.

June 20, 1983.

Dennis C. Kolenda, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiff.

Thomas Gezon, Asst. U.S. Atty., Grand Rapids, Mich., for defendants.

## OPINION

### BENJAMIN F. GIBSON, District Judge.

## BACKGROUND

Plaintiff seeks disclosure pursuant to the Freedom of Information Act (F.O.I.A.) of a F.B.I. report involving a criminal investigation of James McCune and Frank Pierce, former Deputy Chief of Police of the Grand Rapids Police Department. This investigation focused on allegations by McCune that he was an undercover agent for Pierce and the Grand Rapids Police Department during times when certain crimes were committed. McCune further charges that Pierce was aware of these offenses and has actually shared in the proceeds from some of them. McCune has been charged in state court and is awaiting trial. His defense, in part, will rely on his alleged relationship with Pierce. As a result of these allegations, the F.B.I. undertook an investigation to determine whether any federal laws had been violated. This matter has received widespread publicity since the allegations involved misconduct of Pierce while he was Deputy Chief of the Grand Rapids Police Department.

The plaintiff, a television reporter for WOTV in Grand Rapids seeks access to the results of the F.B.I. investigation pursuant to the provisions of the F.O.I.A. The government has refused to release the report claiming an exemption from disclosure of

> investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings.

5 U.S.C. § 552(b)(7)(A).

The government asserts that its investigation is still continuing and that disclosure of the F.B.I. report would interfere with that investigation and jeopardize enforcement proceedings.

Plaintiff contends that exemption 7(A) is not applicable to the facts and circumstances of this case since the government has publicly stated that its investigation has concluded. Further, plaintiff says that even if exemption 7(A) does apply, the release of the F.B.I. report to the county prosecutor and McCune's attorney constitute a waiver. In support of this position plaintiff points to the following press release issued by the government:

> John A. Smietanka, United States Attorney for the Western District of Michigan, announced today that the report of the investigation of the Federal Bureau of Investigation concerning certain allegations involving Grand Rapids Deputy Chief of Police Franklin Pierce and James McCune has been turned over to the Kent County Prosecutor's Office and counsel for Mr. McCune.
>
> This concludes the federal involvement in this matter for the time being.

## EXEMPTION 7(A)

■ The government has the burden of proof to establish to the satisfaction of this Court that the disclosure of the F.B.I. report is exempt. 5 U.S.C. § 522(a)(4)(B). Several hearings were held at which the Court sought to determine *de novo* the validity of the exemption from disclosure relied on by the government. This review included a so-called *Vaughn* index wherein the government attempted to summarize the report in sufficient detail in order to permit the Court to determine the validity of its claimed exemption. The Court determined that the *Vaughn* index submitted was inadequate for the purposes intended and ordered the government to either submit a more detailed *Vaughn* index or the entire F.B.I. report. The government chose to furnish the complete report and the Court has examined this report *in camera* pursuant to 5 U.S.C. § 552(a)(4)(B).

The Court concludes based upon the *in camera* inspection and examination that the report clearly falls within exemption 7(A).

The report is of an investigatory nature compiled for law enforcement purposes and disclosure would "interfere with enforcement proceedings."

The press release of June 25, 1982 stated that federal involvement was concluded "for the time being." A review of the F.B.I. report *in camera* shows that the F.B.I. has conducted additional investigation subsequent to the press release. Several additional witnesses have been interviewed providing substantive information. The Court is satisfied that the investigation has not been terminated and information is still being gathered.

The report also shows that no final decision has been made regarding whether indictments will be sought by the government. The Court finds after reviewing the entire F.B.I. report that it is not inconsistent with the press release.

Therefore, the Court concludes that the F.B.I.'s report falls within exemption 7(A) and that disclosure at this time would be detrimental to legitimate enforcement responsibilities of the government. Premature disclosure of the report would reveal the scope and focus of the investigation which could make any future prosecutions more difficult.

## WAIVER

■ Plaintiff contends that disclosure of the F.B.I.'s report to the county prosecutor and McCune's attorney is tantamount to a waiver of any exemptions relied on by the government. The government replies that a limited, discretionary disclosure does not affect the applicability of exemption 7(A).

The Court is of the opinion that the waiver argument of plaintiff under the facts and circumstances of this case is without substance. Many of the cases relied on by plaintiff involve the premature release of information by the government in civil matters and cannot be applied to criminal investigations. A case quite similar in principle to this case is *Murphy v. F.B.I.,* 490 F.Supp. 1138 (D.C.1980). In that case, a congressman who was the object of an *AB-SCAM* investigation sought access to cer-

tain tape recordings both oral and video under F.O.I.A. Certain information had been disclosed to the public regarding the investigation through "leaks." In addition, the U.S. Attorney had made available selected information to potential defendants and their attorneys. The court in *Murphy* in upholding the exemption and ruling that there had been no waiver said:

The disclosures of information—both authorized and unauthorized—do not alter the court's ruling. As for the authorized releases, the attorney in charge of the grand jury investigation engaged in limited disclosures to Defendants, prospective Defendants, or their counsel. These disclosures entailed attempts to secure cooperation. They therefore fall within the rubric of prosecutorial discretion. Moreover, it is clear that government authorized disclosure fails to constitute a waiver of F.O.I.A. exemptions. *Krohn v. Department of Justice,* No. 79–0667 (D.D.C. Sept. 7, 1979) at 4–5. 490 F.Supp. 1141.

The Court further stated:

The leaks that have occurred fail to alter this conclusion. The limited nature of those authorized leaks, along with their purpose of obtaining cooperation in the investigation, establish that they fall within the domain of prosecutorial discretion. 490 F.Supp. 1143.

Based upon the foregoing, the Court holds that under the facts and circumstances of this case, the limited release of the report does not constitute a waiver of exemption 7(A).

## CONCLUSION

The Court decides that the government is exempt from disclosure of the entire F.B.I. report pursuant to exemption 7(A) and that the limited disclosure of this report to the county prosecutor and McCune's attorney does not constitute a waiver.